On appellant's request for leave to file motion to set aside judgment based on newly discovered evidence, filed February 12, leave denied June 5, 1985

In the Matter of Sara Shaver, Alan Shaver and Anna Marie Shaver, Minor Children.

STATE ex rel JUVENILE DEPARTMENT OF KLAMATH COUNTY,
*Respondent,*

*v.*

SHAVER,
*Appellant.*

(84-278 JV, 84-279 JV, 84-280 JV; CA A34247)

700 P2d 1066

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Kendall M. Barnes, Assistant Attorney General, Salem, appeared contra.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

PER CURIAM

## PER CURIAM

In this termination of parental rights case, mother seeks leave under ORCP 71B[1] to move in the trial court to set aside the judgment "based on newly discovered evidence." Even though the state has not opposed granting leave, we deny it. We write to attempt to clarify an aspect of the rule that motion practice before this court suggests is misunderstood.

The parental rights of mother were terminated on the basis of her medical disabilities, which the trial court found were likely to worsen. Mother asserts that a doctor who testified at the trial that her disease is progressive and that her condition would continue to worsen would now testify that her condition "is really quite stable." Leaving aside entirely any questions of interpretation of the doctor's proffered opinion, it is clear that it is a *new* opinion.

The purpose of ORCP 71B(2) is to permit a party to avoid the consequences of the limitation in ORCP 71B(1) that a motion under that subsection must be "filed within one year after the entry of the judgment * * *." If leave is granted, the motion may be filed, but it cannot be acted upon unless and until the case is returned to the trial court at the conclusion of the appellate process.

---

[1]

"B.(1) On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F.; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. * * * A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A. which contains an assertion of a claim or defense. * * * A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B., and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation.

"B.(2) With leave of the appellate court, and subject to the time limitations of subsection (1) of this section, a motion under this section may be filed with the trial court during the time an appeal from a judgment is pending before an appellate court, but no relief may be granted by the trial court during the pendency of an appeal. Leave to file the motion need not be obtained from any appellate court, except during such time as an appeal from the judgment is actually pending before such court."

The evidence which mother seeks to present in the trial court is not in any of the categories in ORCP 71B(1).[2]

Leave denied.[3]

---

[2] The Comment to ORCP 71B points out that, under case law before the enactment of ORCP, during the pendency of an appeal a trial court could not vacate a judgment for any of the grounds set forth in ORCP 71B(1) and that, because there may be a one-year limit for filing the motion, it should be possible to file the motion in the trial court during the one-year period to await disposition of the appeal. The Comment then reasons:

> "*Since the motion might affect the appellate court's consideration of the case, the rule requires notice and leave from the appellate court.* After termination of the appeal there is no reason to require permission of the appellate court. See *Nessley v. Ladd,* 30 Or. 564, 566-567, 48 P. 420 (1897)." (Emphasis supplied.)

The emphasized sentence is an anomaly for, as the Supreme Court pointed out in *Nessley:*

> "A motion for rehearing, based upon newly discovered evidence, might very properly have been entertained by the court below, if filed in season; and, acting by authority of its original jurisdiction, it could have set aside its decree and ordered a new trial. *This court, however, in the exercise of its appellate jurisdiction, acts only upon the transcript and the evidence, and it cannot permit its action to be governed or controlled by affidavits touching testimony aliunde.* It cannot set aside a decree except by the record." 30 Or at 568. (Emphasis supplied.)

That excerpt from a case decided in 1897 remains a cornerstone of appellate law; so it is unclear why a party to a case on appeal should need leave from the appellate court or how the appellate court could take cognizance of the evidence in support of the motion. Nevertheless, ORCP 71B as written requires leave from this court to file a motion.

[3] Whether mother could seek relief on one of the grounds alluded to in ORCP 71C is not before this court.