Argued and submitted January 17, affirmed March 27, 2002

Robert C. STRICKLIN
and Elizabeth Stricklin,
*Respondents,*

*v.*

Harry FLAVEL
and Mary Louise Flavel,
*Appellants.*

97-2161; A112786

43 P3d 1116

Edward N. Fadeley argued the cause and filed the briefs for appellants.

James R. Herald argued the cause for respondents. With him on the brief were David G. Fagan and Preston Gates & Ellis, LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

## BREWER, J.

Defendants appeal from an amended money judgment in favor of plaintiffs. The amended judgment was entered after a hearing on plaintiffs' "Supplemental Motion to Enforce Settlement and Entry of Judgment" (the supplemental motion) at which defendants made no appearance. Defendants assert that they did not receive adequate notice of the hearing and that the trial court lacked authority to enter the amended judgment. We affirm.

In May 1998, plaintiffs obtained a default judgment against defendants in the amount of $158,498.42, including $100,000 in punitive damages. In October 1999, plaintiffs obtained a writ of execution and an order authorizing the sale of defendants' real property to satisfy the judgment. Before the scheduled sale date, defendants moved to set aside the default judgment and to stay the sheriff's sale. On November 23—the day of the hearing on defendants' motion—the parties reached a settlement agreement that was placed on the record in open court:

"THE COURT: My understanding is from the brief conversation we just had back in my office, this matter is now resolved between you folks. Is that correct?

"[PLAINTIFFS' ATTORNEY]: That was our, that is correct. On behalf of the plaintiffs.

"[DEFENDANTS' ATTORNEY]: That's correct, Your Honor.

"[PLAINTIFFS' ATTORNEY]: The plaintiff and defendant have agreed that the defendant will pay to the plaintiff the sum of eighty thousand dollars to be secured by a security document which will be provided ten days from date; that there will be no interest on the principal of eighty thousand dollars for ninety days, and if not paid within ninety days, then interest will commence—

"[DEFENDANTS' ATTORNEY]: —At the statutory rate.

"[PLAINTIFFS' ATTORNEY]: At the—

"THE COURT: —Nine percent?

"[DEFENDANTS' ATTORNEY]: Correct.

"[PLAINTIFFS' ATTORNEY]:  —at nine percent; that the present pending sale of the, that has already been ordered by the court, shall be cancelled and held for naught; that all claims between the parties known and unknown are resolved in this and there is a mutual release of each side against the other; and any potential claims that could be asserted by me professionally, by [defendants] is also resolved in this matter of compromise.

"[DEFENDANTS' ATTORNEY]:  That's correct, Your Honor.

"THE COURT:  Okay. And that's your understanding of which, how this case is going to be resolved, [defendants' attorney]?

"[DEFENDANTS' ATTORNEY]: Yes, it is, Your Honor.

"THE COURT:  Ms. Flavel, is that your understanding of how this case is going to be resolved today?

"MS. FLAVEL:  Yes, Your Honor.

"THE COURT:  Mr. Stricklin, is that your understanding?

"MR. STRICKLIN:  Yes, sir.

"THE COURT:  And Elizabeth Stricklin, is that your understanding?

"MRS. STRICKLIN:  Yes, it is.

"THE COURT:  All right. Then, who's going to prepare the documents to put this together?

"[PLAINTIFFS' ATTORNEY]:  I'll prepare the order stopping the sale and that will be delivered by four o'clock this afternoon. And with [defendants' attorney's] attention. I will mutually agree to prepare a stipulated dismissal of the law suit.

"[DEFENDANTS' ATTORNEY]: Yes. Collectively, we'll work out a mutually agreed upon set of appropriate settlement documents.

"If you'll prepare the order, that's fine.

"[PLAINTIFFS' ATTORNEY]:  And we'll have the settlement submitted to the court and the order. The order today on the sale, the settlement document within ten days.

"THE COURT: Okay. Well then the Sheriff's sale which was apparently scheduled for tomorrow will be cancelled and you folks can get your documents in and we'll proceed accordingly."

Defendants tendered certain real property as security for payment of the settlement amount but, believing that it was inadequate, plaintiffs rejected the property. Defendants did not propose any alternative collateral, negotiations stalled, and defendants never made any payments on their settlement obligation. Although the scheduled sale of defendants' property was canceled, no further settlement documents were executed, and the underlying action was not dismissed.

In February 2000, defendants' attorney filed a motion to withdraw as attorney of record in this action. At a March hearing on that motion, plaintiffs advised the court that they had experienced difficulty in contacting defendants and requested defendants' current address. Mary Louise Flavel stated on the record that her address was 875 SW 158th Avenue, Beaverton, OR 97006. There is no indication in the record that defendants subsequently provided a different address to plaintiffs or the court. On at least two occasions after the March hearing, plaintiffs attempted to contact defendants by mail—at the Beaverton address and at two other addresses that defendants previously had used—to make arrangements for payment of defendants' settlement obligation. Defendants did not respond.

In July 2000, plaintiffs changed their strategy and attempted to enforce the original default judgment through garnishment proceedings. Defendants retained a new attorney to contact plaintiffs' attorney about the garnishment, but he stated that he did not represent defendants for any other purpose. Ultimately, plaintiffs abandoned their garnishment efforts and, instead, attempted again to enforce the November 1999 settlement agreement.

In September 2000, plaintiffs filed their supplemental motion, in which they "request[ed] the Court to enter an order and judgment enforcing the nature, spirit and substance of the settlement agreement entered into by the parties, and compelling Defendants [to immediately] make the payment required by the settlement." Plaintiffs' attorney

mailed a copy of the motion to defendants at three addresses—including the Beaverton address—and to the attorney who represented defendants in the garnishment proceeding. The court scheduled a hearing on the supplemental motion for November 20, 2000. On September 19, the trial court mailed a notice of the hearing date to defendants at the Beaverton address. In October 2000, defendants filed a *pro se* response to the supplemental motion.

On Saturday, November 18, defendants' attorney faxed to the court a motion to continue the hearing, or, in the alternative, a "motion to dismiss" the supplemental motion.[1] In the fax submission, defendants' attorney stated that he could not appear on November 20, because he had a hearing scheduled that day in another county. In their "motion to dismiss," defendants asserted that they did not receive adequate notice of the November 20 hearing. They also contended that the supplemental motion should be denied because it sought relief that was inconsistent with the settlement agreement, and, further, that plaintiffs were required to bring a separate action to enforce the settlement agreement rather than seeking enforcement of the agreement in this action.

█ Neither defendants nor their attorney appeared at the November 20 hearing. In their absence, the trial court denied defendants' motion for a continuance and also denied the motion to dismiss. After hearing the arguments of plaintiffs' attorney and the testimony of Robert Stricklin, the court granted the supplemental motion and entered an amended judgment, which provided:

> "The Plaintiff * * * presented evidence that at the time of the settlement, it was agreed that [defendant] would pay the sum of $80,000, providing security within 10 days and that there would be no interest for a period of 90 days wherein she would be allowed to raise the money to pay the same in full. The security acceptable to Plaintiff had not been offered, there had been no payment of the $80,000 within the 90 days * * *.

---

[1] Although it is unclear from the record, it appears that on November 16 or 17, 2000, defendants retained the same attorney who had defended them in the garnishment proceeding to represent them in opposing plaintiffs' supplemental motion.

"* * * [T]he Plaintiff is AWARDED a Judgment against the Defendants and each of them in the sum of [$80,000] with interest thereon from February 23, 2000 until paid and for the costs and disbursements."[2]

On appeal, defendants argue that the trial court abused its discretion by denying their motion for a continuance of the November 2000 hearing. They argue that they were denied due process because they did not receive adequate notice of the hearing. If defendants received adequate notice of the hearing, we will not say that the trial court abused its discretion in denying the motion to continue. Accordingly, we first review for legal error whether defendants received adequate notice. *Mitchem v. Rice*, 142 Or App 214, 217, 920 P2d 1121, *on recons* 143 Or App 546, 923 P2d 1347, *rev den* 324 Or 394 (1996) (reviewing for errors of law whether notice to the defendant was adequate).

Plaintiffs filed their supplemental motion with the court on September 5, 2000, and it was placed in the court file on September 7. On the fifth day, plaintiffs mailed a copy of the supplemental motion to defendants at three different addresses—including the Beaverton address that defendants had provided in open court approximately nine months earlier—and to the attorney who represented defendants in the garnishment proceeding. Defendants did not notify the court or plaintiffs of any new address. On September 19, 62 days before the November 20 hearing date, the court mailed a notice of that hearing date to defendants at the Beaverton address. In addition, the record indicates that defendants had *actual* notice of the hearing in October, when they filed a *pro se* response to plaintiffs' motion. In sum, defendants were properly served with notice of the November 23 hearing in accordance with ORCP 9 B. *See* ORCP 9 B ("Service upon * * * a party shall be made by * * * mailing [a copy] to such * * * party's *last known address*[.] * * * A party who has appeared without providing an appropriate address for service may be served by placing a copy of the pleading or other papers in the court file." (Emphasis added.)). Defendants do

---

[2] Although the amended judgment refers to the parties in the singular, *i.e.*, "plaintiff" and "defendant," the parties do not contend that it applies to any less than both named plaintiffs and both named defendants.

not explain—nor do we perceive—how notice that complied with the requirements of ORCP 9 B nonetheless offended their due process rights. *Cf. Harp v. Loux*, 54 Or App 840, 850, 636 P2d 976 (1981), *rev den* 292 Or 589 (1982) (holding that service by mail provision of ORCP 7 D satisfied requirements of due process). Accordingly, we turn to defendants' arguments on the merits.

■■    Defendants argue that the trial court erred in entering an amended judgment on the settlement agreement because it "alter[ed] the in-court * * * agreement of the parties," "ma[de] a contract for the parties," and entered judgment after the parties had agreed to dismiss this action.[3] Plaintiffs first respond that the amended judgment is not appealable because it is, in effect, a stipulated judgment, and a party cannot appeal from a stipulated judgment. *Thompson v. State Farm Mutual Auto. Ins. Co.*, 174 Or App 208, 212, 25 P3d 387, *rev den* 332 Or 430 (2001).

■    We find plaintiffs' first response unpersuasive. Although the amended judgment entered by the court was labeled a "Stipulated Judgment," we are not bound by that label if the record suggests that it was otherwise. *See Springer v. Gollyhorn*, 146 Or App 389, 393, 934 P2d 501 (1997) ("An instrument is not a 'judgment' simply because it is labeled as such."). It is true that defendants made stipulations at the November 1999 hearing, and it is also true that those stipulations were recorded. Furthermore, the trial court entered the amended judgment, in part, based on the stipulations made on the record during the 1999 hearing. However, the judgment also was based upon evidence received by the court at the November 2000 hearing, at which defendants were not present. Defendants assert on appeal that the terms of the amended judgment are *inconsistent* with the 1999 stipulation. The label used in the amended judgment does not, under the present circumstances, preclude defendants from disputing the terms of that judgment.

---

[3] Defendants' remaining assignment of error, attacking the punitive damages award in the underlying default judgment, was not preserved; therefore, we do not consider it on appeal. ORAP 5.45.

We turn to defendants' contention that the trial court altered the in-court agreement of the parties by inserting into it a time limit of 90 days for payment of the settlement amount.[4] Although the settlement agreement placed on the record did not expressly include a deadline for payment of the settlement amount, we conclude for two reasons that the trial court did not err in imposing a payment deadline.

■■ First, after an evidentiary hearing, the court found that the parties had agreed upon a 90-day deadline for payment of the settlement amount. We review the trial court's finding to determine whether it is supported by any evidence in the record. *Stevens v. Foren*, 154 Or App 52, 59, 959 P2d 1008, *rev den* 327 Or 554 (1998). At the November 1999 hearing, defendants expressly agreed in open court that interest would begin accruing on the obligation 90 days after the date of the settlement. Implicit in their agreement was that the 90-day mark had some significance. Robert Stricklin testified at the hearing on the supplemental motion that the parties intended a 90-day deadline for full payment of the settlement amount. Viewed in that light, the accrual of interest after 90 days served as a disincentive for late payment. Because the parties did not agree that defendants could make periodic payments, nor did they agree to a different payment deadline, and in light of Stricklin's testimony, we conclude that evidence in the record supported the trial court's finding that the parties intended the entire settlement amount to be due within 90 days.

■ Second, even if the trial court was mistaken in finding that the parties intended a 90-day deadline for payment, the hearing on plaintiffs' supplemental motion was held almost one year after the parties placed their oral settlement on the record. In the absence of a specific deadline for payment, payment of the settlement amount was due within a "reasonable" time. *See* 1 Corbin, *Contracts* § 96 (1963) (where an agreement is not specific as to when performance is expected to be completed, "the promised performance must

---

[4] Defendants also argue that the court erred "by making a contract for the parties." However, defendants do not assert that the parties failed to make an enforceable settlement agreement or, for example, that the amended judgment violated the parol evidence rule or some other substantive legal principle. We are left to speculate as to defendants' specific contentions, and we decline to do so.

be rendered within a 'reasonable time'"). More than a reasonable time for payment had passed by the time the hearing was held; defendants have presented no evidence or persuasive argument to the contrary.

■■    Finally, defendants argue that the trial court lacked authority to enter the amended judgment after the parties had stipulated to the dismissal of this action. We disagree. A stipulated settlement, agreed to in open court, is a binding contract. *City of Canby v. Rinkes*, 136 Or App 602, 609, 902 P2d 605 (1995), *rev den* 322 Or 489 (1996). Because of the pendency of defendants' motion to set aside the default judgment, the action had not been ultimately disposed of. Accordingly, the trial court retained authority to enforce the terms of the settlement agreement that the parties made to finally conclude the action. *See Davis v. Brown*, 280 Or 561, 564-65, 571 P2d 912 (1977) (where the parties entered into a stipulated settlement in open court and intended to make a binding contract, the court should enforce the stipulated contract); *see also Rinkes*, 136 Or App at 608-09. Moreover, defendants' argument stresses their view of plaintiffs' obligation but ignores their own reciprocal duty to pay the settlement amount. The parties' oral settlement agreement provided for a stipulated dismissal of the action, but not in the absence of satisfactory arrangements for payment of the settlement amount.

Defendants do not contend that the parties failed to make an enforceable settlement agreement. To the contrary, defendants' fundamental premise is that plaintiffs agreed to surrender a default judgment for more than $150,000 in exchange for defendants' promise to pay plaintiffs $80,000 at an indeterminate time in the future. However, as to the timing of the agreed upon payments, the evidence at the November 23, 1999, hearing demonstrates otherwise and, if it did not, the obligation was nonetheless due within a reasonable time. The trial court had jurisdiction to enforce the parties' settlement agreement in accordance with their expressed intentions or, in the absence of persuasive evidence of those intentions, to impose a reasonable time for payment.

Affirmed.