Argued and submitted May 1, affirmed September 25, 2013

Kevin RAINS
and Mitzi Rains,
*Plaintiffs-Respondents,*

*v.*

STAYTON BUILDERS MART, INC.;
John Doe Lumber Supplier;
John Doe Lumber Mill;
and Five Star Construction, Inc.,
*Defendants.*

STAYTON BUILDERS MART, INC.,
*Third-Party Plaintiff-Respondent,*

*v.*

RSG FOREST PRODUCTS, INC., et al.,
*Third-Party Defendants,*

*and*

WEYERHAEUSER COMPANY,
*Third-Party Defendant-Appellant.*

WEYERHAEUSER COMPANY,
*Fourth-Party Plaintiff,*

*v.*

RODRIGUEZ & RAINS CONSTRUCTION,
an Oregon corporation,
*Fourth-Party Defendant.*

WITHERS LUMBER COMPANY,
*Fourth-Party Plaintiff,*

*v.*

SELLWOOD LUMBER CO., INC.,
an Oregon corporation;
and Weyerhaeuser Company,
*Fourth-Party Defendants.*

WESTERN INTERNATIONAL FOREST
PRODUCTS, INC.,
*Fourth-Party Plaintiff,*

*v.*

Benito RODRIGUEZ,
Kevin Rains, and Rodriguez & Rains Construction,
*Fourth-Party Defendants.*

SELLWOOD LUMBER CO., INC.,
an Oregon corporation,
*Fifth-Party Plaintiff,*

*v.*

SWANSON BROS. LUMBER CO., INC.,
an Oregon corporation,
*Fifth-Party Defendant.*

Marion County Circuit Court
06C21040; A152100

310 P3d 1195

Michael T. Stone argued the cause for appellant. With
him on the opening brief was Grant D. Stockton. On the
reply brief was Michael T. Stone.

Maureen Leonard and Thomas W. Brown argued the cause for respondents. With them on the joint brief were Brian Whitehead and J. Randolph Pickett.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

**HADLOCK, J.**

In the trial court, third-party defendant Weyerhaeuser Company moved, under ORCP 71 B(1)(c) and ORCP 71 C, to set aside several judgments against it, asserting that the judgments had been obtained through fraud on the court. The trial court denied the motions, ruling that the motion under ORCP 71 B(1)(c) was untimely and that the court lacked jurisdiction to hear the motion under ORCP 71 C because of a pending appeal. Weyerhaeuser appeals, challenging those rulings. We agree with both of the trial court's challenged rulings and, therefore, affirm.

The facts material to our disposition of this appeal are not in dispute. Plaintiff Kevin Rains was a subcontractor on a project on which defendant Five Star Construction, Inc., was the general contractor. Rains was injured while working on that project when a board that he was walking on 16 feet above the ground broke, causing him to fall. Rains and his wife sued Five Star and Stayton Builders Mart, Inc. (Stayton), which had supplied the board.[1] Stayton then filed a third-party complaint against Weyerhaeuser for indemnity.[2] Plaintiffs later obtained default judgments against Five Star for a total of more than $18 million.

Plaintiffs' claims against Stayton went to trial. The verdict form instructed the jury to apportion the fault between Weyerhaeuser, Stayton, and Rains if it found that plaintiffs had been damaged. Five Star was not included on the verdict form, either in the caption or in the apportionment instruction. The jury found that plaintiffs had been damaged in amounts totaling more than $9 million. It apportioned 45 percent of the fault to Weyerhaeuser, 30 percent to Stayton, and 25 percent to Rains.

The trial court later found for Stayton on its indemnity claim against Weyerhaeuser. It awarded Stayton $2 million.

---

[1] Plaintiffs' complaint also named as defendants "JOHN DOE LUMBER SUPPLIER" and "JOHN DOE LUMBER MILL." Neither those parties nor Five Star are parties to this appeal.

[2] Stayton named a number of other lumber companies as third-party defendants. Several of those parties, in turn, filed what they labeled "fourth-party" complaints, and the defendant to one of those actions filed a "fifth-party complaint." Other than Weyerhaeuser, all of the third-, fourth-, and fifth-party defendants were eventually dismissed from the action, and they are not parties to this appeal.

In May 2010, the court entered separate limited judgments on plaintiffs' claims and Stayton's indemnity claim. In July 2010, the court entered a limited judgment awarding plaintiffs their costs and disbursements, payable by Stayton and Weyerhaeuser. In January 2011, the court entered a general judgment in which it awarded Stayton its attorney fees in connection with the indemnity claim. Weyerhaeuser filed notices of appeal from each of those judgments, and the resulting appeal is pending in this court.

In February 2012—more than a year after it had received notice of each of the judgments—Weyerhaeuser filed motions to set aside the judgments under ORCP 71 B(1)(c) and ORCP 71 C. Weyerhaeuser asserted that, the month before, it had learned of an agreement between plaintiffs, plaintiffs' attorney, and Five Star that plaintiffs had not disclosed. That agreement included a covenant by plaintiffs not to execute upon their default judgments against Five Star. In exchange, Five Star had agreed to retain plaintiffs' attorney to prosecute any claims it might have relating to Five Star's liability insurance.[3] The agreement further provided that, if Five Star recovered any money as a result of those claims, it would pay its litigation expenses, its sole shareholder would receive 10 percent of the amount remaining after those expenses were paid, and plaintiffs would receive the remaining 90 percent as satisfaction of their judgments against Five Star.

Citing ORS 31.815, Weyerhaeuser asserted that its share of the liability likely would have been reduced had the agreement been disclosed.[4] In support of its motions to set aside the judgments against it, Weyerhaeuser contended that plaintiffs' failure to disclose the agreement constituted fraud on the court and the other parties.

---

[3] Five Star's liability insurer denied coverage for the incident and refused to defend Five Star in plaintiffs' action.

[4] ORS 31.815(1) provides that, when a tort claimant gives a covenant not to enforce a judgment to one of multiple persons liable for the claimant's injuries, the claimant's claim against all other defendants and third-party defendants (with exceptions not applicable here) is "reduced by the share of the obligation of the tort feasor who is given the covenant * * *." Subsection (2) of the statute requires the claimant to "give notice of all of the terms of the covenant to all persons against whom the claimant makes claims."

The trial court denied the motions. It concluded that the motion under ORCP 71 B(1)(c) was untimely because more than one year had elapsed since Weyerhaeuser had received notice of the judgments. With respect to ORCP 71 C, the court concluded that, because the appeal from the judgments was pending in this court, it lacked authority to grant the motion.

On appeal, Weyerhaeuser separately assigns error to the denial of each motion. We consider those assignments in turn. With respect to ORCP 71 B(1)(c), Weyerhaeuser acknowledges that the rule provides that a motion to set aside a judgment on grounds of fraud must be made "not more than one year after receipt of notice by the moving party of the judgment." It argues, however, that ORCP 71 B(2) overrides that time limit by providing that a "motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court." Weyerhaeuser contends that, under that provision, a motion to set aside a judgment may be made at any point during the time an appeal is pending. As context supporting that interpretation, Weyerhaeuser cites the original version of ORCP 71 B(2), under which a motion to set aside a judgment while an appeal was pending was expressly "subject to the time limitations of subsection (1) ***." Weyerhaeuser notes that that express limitation was eliminated in 1988. It concludes, "The fact that that reference to the one-year rule was deliberately removed from the current version *** indicates a clear intent of the drafters of that rule that any motion brought pursuant to ORCP 71 B(1) could now be brought while an appeal is pending[.]"

Plaintiffs respond that the phrase "[a] motion under sections A or B" in ORCP 71 B(2) means a motion that meets all of the terms of the applicable section, including the one-year time limit in section B(1)(c). They also contend that, if the one-year limit does not apply, Weyerhaeuser's motion was defective because it was not accompanied by a pleading or motion under ORCP 21 A, as required by ORCP 71 B(1).

The parties' arguments concerning the applicability of the one-year time limit in ORCP 71 B(1) call into question the meaning of subsection B(2). We construe the rules of civil

procedure using the same analytical method that applies to statutory construction. *Gottenberg v. Westinghouse Electric Corp.*, 142 Or App 70, 73, 919 P2d 521 (1996). That is, we consider the text of the rule in context as well as any legislative history that we find useful and, if necessary, maxims of construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Context includes other provisions and prior versions of the rule as well as related rules and statutes. *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997). Our task in interpreting a rule of civil procedure is to discern the intent of the Council on Court Procedures, which promulgates the rules. *Gottenberg*, 142 Or App at 73; *see also Waddill v. Anchor Hocking, Inc.*, 330 Or 376, 382 n 2, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001) ("[U]nless the legislature amended the rule at issue in a particular case in a manner that affects the issues in that case, the Council's intent governs the interpretation of the rule."). To that end, the legislative history that we consider is generally the history of the proceedings before the council. *A. G. v. Guitron*, 351 Or 465, 479, 268 P3d 589 (2011).

As the parties' arguments indicate, ORCP 71 B(1) provides that a motion for relief from a judgment based on fraud must be made "within a reasonable time" and, in all events, "not more than one year after" the moving party received notice of the judgment from which relief is sought. ORCP 71 B(2) provides, "A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court." The question is whether, as plaintiffs assert, a "motion under sections A or B" means a motion that meets all of the requirements of the pertinent section, including the time limit in subsection B(1), or whether, as Weyerhaeuser asserts, a motion may be decided by the trial court at any point "during the time an appeal from a judgment is pending before an appellate court."

ORCP 71 A and B(2) were amended in 1988. A comparison of the original version of sections A and B with the

amended version, together with the history of that amendment, is revealing. Accordingly, we begin by quoting in full ORCP 71 A, which authorizes a trial court to correct a judgment, and ORCP 71 B, which authorizes the court to set a judgment aside, as originally promulgated by the Council on Court Procedures in 1980:

"A   Clerical mistakes.   Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected under this section only with leave of the appellate court.

"B(1)   By motion.   On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 64 F; (c) fraud, misrepresentation, or other misconduct of an adverse party; (d) the judgment is void; or (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. A motion for reasons (a), (b), and (c) shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment. A copy of a motion filed within one year after the entry of the judgment shall be served on all parties as provided in Rule 9 B, and all other motions filed under this rule shall be served as provided in Rule 7. A motion under this section does not affect the finality of a judgment or suspend its operation.

"B(2)   When appeal pending.   With leave of the appellate court, and subject to the time limitations of subsection (1) of this section, a motion under this section may be filed with the trial court during the time an appeal from a judgment is pending before an appellate court, but no relief may be granted by the trial court during the pendency of an

appeal. Leave to file the motion need not be obtained from any appellate court, except during such time as an appeal from the judgment is actually pending before such court."

As is pertinent here, under the original version of the rule, while an appeal was pending, a trial court could correct the appealed judgment only with leave of the appellate court, and, although a party could *file* a motion to set aside a judgment with leave of the appellate court, the trial court could not act on the motion until the appeal had concluded.

The Council on Court Procedures amended ORCP 71 A and B(2) in 1988. The amended version of those sections, which remain in effect, provides:

"A    Clerical mistakes.    Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own motion or on the motion of any party and after such notice to all parties who have appeared, if any, as the court orders. During the pendency of an appeal, a judgment may be corrected as provided in subsection (2) of section B of this rule.

"* * * * *

"B(2)    When appeal pending.    A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. The moving party shall serve a copy of the motion on the appellate court. The moving party shall file a copy of the trial court's order in the appellate court within seven days of the date of the trial court order. Any necessary modification of the appeal required by the court order shall be pursuant to rule of the appellate court."

ORCP 71 A, B(2).[5] The amendment consolidated in subsection B(2) the procedural requirements common to filing a motion under section A or under subsection B(1) while an appeal is pending. It also deleted the reference to "the time limitations of subsection (1)" and replaced the "leave of the appellate court" requirement with notice to that court.

_____

[5] ORCP 71 B(1) was not amended in 1988. It was amended in 2010 to specify that a judgment may be set aside for fraud, whether intrinsic or extrinsic. That amendment does not affect this appeal.

The parties' respective interpretations of ORCP 71 B(2) are both plausible readings of the text in context. The deletion of the reference to the time limit supports a reasonable inference that the Council on Court Procedures intended that the time limit would no longer apply when an appeal from a judgment is pending. However, it is also reasonable to infer that the council omitted the reference to the time limit simply because it saw it as an unnecessary repetition, because a "motion under section[] *** B" is, as plaintiffs suggest, a motion that comports with section B by, among other things, being filed within one year after the moving party received notice of the judgment.

The history of the 1988 amendment supports plaintiffs' view. James Nass, then legal counsel to the appellate courts, proposed the amendment eliminating the requirement of obtaining the appellate court's leave to file any motion under ORCP 71 A or B. Writing for himself as well as Chief Justice Peterson and Chief Judge Joseph, Nass explained:

> "First, a motion under ORCP 71 B must be filed within one year after entry of judgment. What if an appellate court, erroneously, denies leave to file a motion under ORCP 71 B so that the party was prevented from filing the motion within one year of entry of judgment? What remedy, if any, would the party have? Second, regardless of the appellate court's decision on a motion seeking leave under either ORCP 71 A or 71 B, may a party who disagrees with the ruling either assign the denial as error or immediately petition the Supreme Court for review of that decision? By giving the parties the absolute right to file a motion under ORCP 71 A or 71 B, we would avoid the problems."

Letter from James W. Nass to Dean Frederic Merrill, Executive Director, Council on Court Procedures (Sept 13, 1988). Notably, after asserting that "a motion under ORCP 71 B must be filed within one year after entry of judgment," Nass did not propose simply eliminating the filing deadline. Instead, he stated that "giving the parties the absolute right to file a motion"—that is, without the need for leave of the appellate court—would avoid the problem presented by the one-year deadline if the appellate court erroneously denied leave.

After the council adopted the amendment to ORCP 71, the council's staff explained the history and effect of the amendment in a comment published with the amended rule. We quote the comment in full:

"When the [Oregon Rules of Civil Procedure] were originally promulgated, the Council wished to provide some way to deal with motions to vacate judgments which were on appeal. It provided that leave of court was required to file a motion to vacate during the pendency of an appeal. The apparent assumption was that the appellate court could allow the trial court to pass on the motion to vacate or deal with the motion itself. In fact, the trial court probably lacks authority to rule on a motion to vacate during the pendency of an appeal and the appellate courts have no authority to consider such a motion. *State ex rel. Juvenile Dept. v. Shaver*, 74 Or App 143, 145 n 2, 700 P2d 1066 (1985).

"The Council amendment to ORCP 71 A and B eliminates the requirement of leave of the appellate court to file the ORCP 71 motion. It requires notice to the appellate court of the motion and its disposition. The question of the effect of the motion on the appeal and the possible modification of appeal due to a successful motion are left to the appellate rules. The Council recognized that it probably does not have authority to confer jurisdiction on a trial court to act during the pendency of an appeal. It has recommended that the legislature amend ORS 19.033[6] to accomplish this."

Council on Court Procedures, Staff Comment to ORCP 71 Amendment, 15-16 (Dec 10, 1988). Tellingly, the comment says nothing about the time limit in ORCP 71 B(1). We would expect that, had the council intended to eliminate the one-year deadline for filing a motion while an appeal is pending, the amendment history would contain at least some hint about that intent. The complete absence of any suggestion that that was the council's intent—either in the quoted comment or in the history of the rule amendment—renders Weyerhaeuser's interpretation of ORCP 71 B(2) implausible. Accordingly, we agree with plaintiffs that that provision should be understood to retain the one-year deadline expressly imposed by ORCP 71 B(1). Because Weyerhaeuser did not make its motion within one year of

---

[6] *Former* ORS 19.033 (1987), *renumbered as* ORS 19.270 (1997).

receiving notice of the judgments that it sought to have set aside, the motion was untimely.[7]

In its second assignment of error, Weyerhaeuser contends that the trial court erred in concluding that, because the appeal from the judgments was pending in this court, it lacked authority to grant Weyerhaeuser's motion to set the judgments aside under ORCP 71 C. That rule provides:

> "This rule does not limit the inherent power of a court to modify a judgment within a reasonable time, or the power of a court to entertain an independent action to relieve a party from a judgment, or the power of a court to grant relief to a defendant under Rule 7 D(6)(f), or the power of a court to set aside a judgment for fraud upon the court."

ORCP 71 C. According to Weyerhaeuser, ORS 19.270(5)(a)—which provides that a trial court has jurisdiction to "enter an order or supplemental judgment under ORCP 71" not-with-standing the filing of a notice of appeal—means that trial courts' ORCP 71 C authority to set aside a judgment remains intact even after an appeal has been filed.

Weyerhaeuser's argument does not survive our opinion in *Koller v. Schmaing*, 254 Or App 115, 296 P3d 529 (2012), *rev den*, 353 Or 445 (2013). As we emphasized in that case, a trial court's authority to act while an appeal is pending is sharply limited by ORS 19.270, under which, once a notice of appeal has been filed and served, "jurisdiction of the cause rests in the appellate court, with the trial court retaining limited jurisdiction with respect to precisely identified matters." *Id.* at 130. In *Koller*, the question was whether the trial court retained jurisdiction, despite the pendency of an appeal, to enter a corrected judgment. We determined that it did not because, although ORCP 71 C references the trial court's inherent authority to modify a judgment within a reasonable time, the rule does not specify that the court retains that authority once an appeal has been taken:

> "Critically, unlike ORCP 71 A and ORCP 71 B(2), ORCP 71 C includes no reference to 'correction' or modification of a judg-

---

[7] Weyerhaeuser also contends that, even if the one-year limit applies, the trial court had discretion under ORCP 15 D to consider and rule on the motion. We reject that argument without discussion.

ment during the pendency of an appeal. We must conclude that that difference is not a matter of legislative inadvertence, but rather one of design."

*Id.* at 131. Thus, even though ORCP 71 C refers to trial courts' inherent authority to modify judgments, because the rule does not explicitly state that trial courts retain that authority once an appeal has been filed, ORCP 71 C did not give the *Koller* trial court authority to file a corrected (or modified) judgment when an appeal was pending. And ORS 19.270 does not itself grant that authority; it merely describes the authority that otherwise is "retained" under other provisions, including ORCP 71. *Id.* at 130.

*Koller* controls here. Although ORCP 71 C refers to trial courts' power to set aside judgments for fraud upon the court, the rule does not authorize trial courts to do so while an appeal is pending. Nor does ORS 19.270(5)(a) provide an independent basis for trial court jurisdiction. It follows that the trial court correctly concluded that it lacked authority to grant Weyerhaeuser relief under ORCP 71 C.

Affirmed.