Argued and submitted October 6, 2015; supplemental judgment reversed,
otherwise affirmed April 26, 2017

Dominic BENAVENTE,
*Plaintiff-Appellant,*

*v.*

Willy THAYER,
*Defendant-Respondent.*

Washington County Circuit Court
C133267CV; A157716

395 P3d 914

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

John R. Bachofner argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge pro tempore.

## FLYNN, J. pro tempore

Plaintiff appeals from a corrected general judgment[1] and from a supplemental judgment awarding attorney fees, which the trial court entered after plaintiff accepted defendant's offer to allow judgment, pursuant to ORCP 54 E. The challenged judgments reflect the trial court's post-acceptance ruling allowing defendant to use the interpleader process of ORCP 31 to resolve third-party interests in the settlement and ordering plaintiff to pay defendant's attorney fees. Plaintiff contends that the court exceeded its authority under ORCP 54 E by "hearing and then granting" defendant's motion for interpleader because the terms of defendant's offer did not provide for interpleader. Defendant contends that the order for interpleader is "consistent" with the terms of the offer of judgment. We conclude that the court erred in granting defendant's motion, because the ruling resulted in judgments that varied from the terms of the offer of judgment. Accordingly, we reverse the supplemental judgment and otherwise affirm.

### ORCP 31 AND ORCP 54 E

We pause to provide a brief overview of the two rules of civil procedure that are at the heart of this dispute. As pertinent to this appeal, ORCP 54 E allows the party against whom a claim has been asserted to serve an "offer to allow judgment to be entered against the party making the offer" for the sum of money or other relief specified in the offer. ORCP 54 E(1). The offer serves at least two purposes. If the claiming party accepts the offer and files it under the process described in the rule, ORCP 54 E(2) specifies that, "thereupon judgment shall be given accordingly as a stipulated judgment." The offer to allow judgment can also serve to cut off a party's potential liability for costs and fees if the claiming party rejects the offer; if the claiming party prevails at an adjudication but fails to obtain a judgment more favorable than the offer to allow judgment, then that party "shall not recover costs, prevailing party fees,

---

[1] The court vacated the original "general judgment" shortly after it was entered because it contained errors that were corrected in the corrected general judgment. Unless stated otherwise, we refer to the "corrected general judgment" as the "general judgment" throughout the remainder of this opinion.

disbursements, or attorney fees incurred after the date of the offer." ORCP 54 E(3).

The interpleader process of ORCP 31 permits a party that is concerned about potential "double or multiple liability" to bring all competing claims before the court and to let the court sort out the competing claims. ORCP 31 A. As used here, the rule allows a party to deposit with the court property or an amount of money for which the party admits it is liable. The rule then allows the party to obtain both a discharge of liability and an order requiring any parties with interests in the money to resolve their claims only through interpleader in the existing action. *See* ORCP 31 B. The rule also provides that "the party filing suit or action in interpleader shall be awarded a reasonable attorney fee in addition to costs and disbursements" once the funds are deposited with the clerk of the court. ORCP 31 C.

## PROCEDURAL BACKGROUND

The material facts in this case are procedural and not in dispute. Plaintiff sued defendant, alleging that defendant negligently caused plaintiff to sustain injuries in a motor vehicle collision. Defendant sent two alternative offers "to allow judgment." One offered "the sum of $32,000, 'inclusive,'" specifying that the sum "include[d] plaintiff's obligation to satisfy any and all [Personal Injury Protection (PIP)] reimbursement, liens, and/or other subrogated interests" that third-parties might have against plaintiff's recovery.[2] The alternative offered "the sum of $17,000, 'new money,'" specifying that it included plaintiff's obligation to satisfy liens but not an obligation to satisfy the PIP demand for reimbursement. Plaintiff accepted the $32,000 offer.

After plaintiff accepted the offer, but before defendant paid the $32,000, defendant advised plaintiff that it was concerned that it could face further liability if plaintiff failed to satisfy the third-party interests and, thus, that it was presenting plaintiff with two options: either defendant

---

[2] Plaintiff's surgeon and hospital were asserting liens against any recovery that plaintiff obtained from defendant, and plaintiff's insurance company was demanding reimbursement for PIP benefits that it paid to plaintiff after the collision.

would withhold payment of the $32,000 until it received "written confirmation of lien releases or satisfactions filed with the Recorder's office," or defendant could deposit the $32,000 settlement amount with the court and allow the court to resolve the lien disputes through the interpleader process of ORCP 31.

Plaintiff provided proof that he had satisfied the major lien, but he advised defendant that he intended to dispute the PIP insurer's claim to reimbursement. He wrote that he agreed "to protect and hold harmless" defendant and his insurance company from any claim by the PIP insurer and that he expected defendant to forward the settlement funds without waiting. Defendant disagreed with plaintiff's approach and, before entry of a judgment, defendant filed a motion requesting, among other things, an order "allowing initiation of counterclaims and cross-claims for interpleader" and awarding attorney fees to defendant, pursuant to ORCP 31 C.

The trial court granted defendant's motion for interpleader and attorney fees and entered defendant's proposed form of general judgment, which specified that plaintiff was granted judgment against defendant "in the sum of $32,000." The judgment also specified that, because defendant had deposited the $32,000 with the clerk of the court "pursuant to this Court's Order granting Defendant's Motion for Interpleader, this Judgment shall be marked satisfied in the sum of $32,000."

Two months later, the trial court signed the following documents all on the same day: (1) a "corrected" general judgment that corrected a typographical error in the original general judgment; (2) a supplemental judgment awarding defendant, "pursuant to ORCP 31 C," attorney fees in the amount of $2,000; and (3) an order for the clerk to forward the deposited interpleaded funds to plaintiff, as "no party [had] asserted any claim against the funds and Plaintiff [had] petitioned the Court for release of the funds."[3]

---

[3] Defendant argues that the court's release of the deposited funds to plaintiff, without any reduction for claims by the third-parties, means that plaintiff's challenge to the order allowing interpleader is moot, *i.e.*, that a decision in the matter will have no "practical effect on or concerning the rights of the parties."

## ANALYSIS

Plaintiff has appealed both the general judgment and the supplemental judgment.[4] As set out above, the parties disagree about the scope of the trial court's authority under ORCP 54 E. That rule provides that once "the party asserting the claim accepts the offer," the party

"shall endorse the acceptance thereon and file the accepted offer with the clerk before trial, and within 7 days from the time the offer was served upon the party asserting the claim; and thereupon judgment shall be given accordingly as a stipulated judgment."

ORCP 54 E(1). Plaintiff argues that, "once the Offer of Judgment was timely accepted and filed with the [trial court], the [trial court] lacked authority to do anything other than enter a [j]udgment based on the terms of the offer plaintiff accepted," and that hearing and granting defendant's motion exceeded the scope of the court's authority. Defendant emphasizes, however, that the offer of judgment specified that plaintiff, and not defendant, would be responsible for satisfying lien obligations of which both parties were aware. He argues that he and his insurer faced potential liability for the liens asserted by plaintiff's medical providers if they were not paid,[5] and that the trial court was authorized

_See Housing Authority of Jackson Cty v. City of Medford_, 265 Or App 648, 652, 337 P3d 146 (2014). However, the trial court's order for interpleader resulted in the award of attorney fees, which are mandatory under ORCP 31 C. The appeal is not moot, because "the attorney fees award is still in controversy and a decision from this court will have a practical effect on the rights of the parties." _See 2606 Building v. MICA OR I Inc._, 334 Or 175, 179 n 2, 47 P3d 12 (2002).

[4] Generally, a party may not appeal a stipulated judgment unless that judgment "specifically provides that the party has reserved the right to appellate review of a ruling of the trial court." ORS 19.245(3)(a). However, a party is not precluded from asserting on appeal that "the terms of the [judgment] are inconsistent with" the stipulation. _Stricklin v. Flavel_, 180 Or App 360, 367-68, 43 P3d 1116 (2002) (emphasis in original omitted).

[5] To explain his concern regarding potential liability, defendant points to ORS 87.581(1), which provides, in pertinent part:

"A person or insurer shall be liable to [medical providers] * * * if the person or insurer:

"(a) Has received a notice of lien * * *;

"(b) Has not paid the [medical provider]; and

"(c) Pays moneys to the injured person, * * * as compensation for the injury suffered or as payment for the costs of hospitalization services or medical treatment incurred by the injured person."

to order interpleader as a method of ensuring that the liens would be satisfied in a manner that was "consistent with the express requirements" of the offer of judgment.

We construe the rules of civil procedure, including ORCP 54 E, using "the same analytical method that applies to statutory construction. That is, we consider the text of the rule in context as well as any legislative history that we find useful and, if necessary, maxims of construction."[6] *Rains v. Stayton Builders Mart, Inc.*, 258 Or App 652, 657-58, 310 P3d 1195 (2013). Unless the legislature subsequently amends a rule of civil procedure, our task "is to discern the intent of the Council on Court Procedures, which promulgates the rules." *Id.*[7]

The words of the rule, along with its context, are the best evidence of its meaning. *See State v. Gaines*, 346

---

[6] Defendant argues that we should review the trial court's ruling, as we would a discretionary decision to deny a motion for relief from judgment on the grounds of mistake, pursuant to ORCP 71. Defendant makes this argument because plaintiff did not appear at the initial hearing at which the court ordered interpleader but, after receiving notice of the order, filed a motion to rescind the order. Plaintiff attached an affidavit of counsel representing that counsel received no notice from the court of the hearing date and, on the merits, argued that the court lacked authority to order interpleader, given the accepted offer of judgment. The trial court then held another hearing, at which it entertained arguments from the parties regarding the merits of the interpleader ruling, and the court indicated that it intended to revisit the merits of its earlier ruling. After the hearing, the court entered defendant's proposed form of general judgment and the supplemental judgment awarding fees. Under the circumstances, we understand the court to have determined that plaintiff did not demonstrate a mistake in the legal merits of the earlier interpleader order. That is a ruling that we review for legal error, even if we view the plaintiff's motion to rescind as an ORCP 71 motion. *See, e.g., Benson v. Harrell*, 241 Or App 362, 368, 251 P3d 203, *rev den*, 350 Or 571 (2011) (whether a party demonstrates mistake in an ORCP 71 motion is an issue that we review for legal error).

[7] As Justice Landau explained in his concurring opinion in *State v. Vanornum*, 354 Or 614, 633, 317 P3d 889 (2013), ORS 1.735(1) authorizes the Council on Court Procedures (CCP) to promulgate rules of trial procedure and provides that any such rules must be "submitted to the Legislative Assembly" at the beginning of each session in odd-numbered years. The legislature then "may, by statute, amend, repeal or supplement any of the rules." ORS 1.735(1). Thus, some of the rules of civil procedure are statutes, and some are not. 354 Or at 633. The legislature has twice amended other parts of ORCP 54 E, although the CCP is the source of the language in dispute in this case. Or Laws 1979, ch 284, § 32; Or Laws 1983, ch 531, § 1; Or Laws 1995, ch 618, § 1. The distinction is not material to our construction of the rule in this case, however, because we focus on the text and context of the requirement at issue, regardless of whether we consider the entire rule to have the status of statute. *See Rains*, 258 Or App at 657-58.

Or 160, 171, 206 P3d 1042 (2009) (explaining that text and context "must be given primary weight" in determining the intended meaning of a statute); *Duvall v. McLeod,* 331 Or 675, 679, 21 P3d 88 (2001) (interpreting a rule of civil procedure by first considering text of rule). Here, plaintiff's argument focuses on the language that, if the party making the claim has accepted, endorsed and filed the offer, "thereupon shall judgment be given accordingly as a stipulated judgment." Considering first the ordinary meaning of the words, we have explained that when the legislature uses the word "shall," the term ordinarily expresses a mandatory obligation. *See Ajir v. Buell,* 270 Or App 575, 580-81, 348 P3d 320 (2015) (citing *Webster's Third New Int'l Dictionary* 2085 (unabridged ed 2002) and the Legislative Administration Committee, *Form and Style Manual for Legislative Measures* 10 (2014)).

We have explained that "accordingly" means "'in conformity with a given set of circumstances,' 'as a consequence,' or 'as a logical outcome.'" *Pioneer Resources, LLC v. D. R. Johnson Lumber Co.,* 187 Or App 341, 362, 68 P3d 233, *rev den,* 336 Or 16 (2003) (quoting *Webster's* at 12). Those ordinary meanings of the text support plaintiff's argument that the trial court must enter a judgment that conforms to the terms on which the parties have agreed.

Our construction of the phrase "judgment shall be given accordingly" is also informed by our decision in *Miller v. American Family Mutual Ins. Co.,* 262 Or App 730, 330 P3d 631 (2014), in which we emphasized that "[w]hen a plaintiff has accepted a defendant's offer of judgment, the trial court's role is purely ministerial in that 'the only judgment that can properly be entered is one which is in accordance with the terms of the offer, as accepted.'" *Id.* at 737 (quoting *State ex rel State Scholarship Com'n v. Magar,* 288 Or 635, 642, 607 P2d 167 (1980)). The plaintiff in *Miller* had sued to recover both PIP and uninsured motorist (UM) benefits from his motor vehicle insurance carrier and accepted an offer to allow "limited judgment" on the claim for PIP benefits. 262 Or App at 733. The terms of the offer specified that, "should plaintiff accept" the offer to allow limited judgment, "the [UM] benefits claim will remain at issue." *Id.*

However, at trial on the unresolved UM benefit claim, the plaintiff argued that the carrier should be precluded from contesting any factual issue that was common to the PIP claim, because those issues had been resolved by the offer of judgment on the PIP claim. *Id.* at 733. The trial court agreed with the plaintiff, but we reversed.

Based on our review of existing law, we explained in *Miller* that "[a]n offer of judgment under ORCP 54 E is an agreement between the parties, and 'is in the nature of a contract, approved by the court.'" *Id.* at 737 (quoting *Nieminen v. Pitzer*, 281 Or 53, 57, 573 P2d 1227 (1978)). We explained that, when the parties disagree about the meaning of the terms of an offer of judgment, as occurred in *Miller*, the court's role is "to determine [the offer's] terms." *Id.* Because the terms of the offer in *Miller* expressly provided that the UM claim was to remain in dispute, we concluded that the trial court erred in precluding the litigation of issues pertinent to that claim—that ruling was not "in accordance with the terms of the offer, as accepted." *Id.*

We relied in *Miller* on the Supreme Court's conclusion in *Magar* that the statutory predecessor to ORCP 54 E "'leaves nothing for the court to do but to enter what the parties have agreed upon.'" *Magar*, 288 Or at 642 (quoting *Schmidt v. Oregon G. Mining Co.*, 28 Or 9, 25, 40 P 406, 1014 (1895)). That case also informs our construction of ORCP 54 E. *See Black v. Arizala*, 337 Or 250, 261, 95 P3d 1109 (2004) (explaining that the pertinent context for the rules of civil procedure "includes, among other things, statutory predecessors of the current rules and any interpretations of those earlier statutes by this court"). The plaintiff in *Magar* accepted an "offer to compromise" under *former* ORS 17.055, *repealed by* Or Laws 1979, ch 284, § 199, the statutory predecessor to ORCP 54 E. After accepting the offer, the plaintiff sought attorney fees, which had not been included in the accepted offer. 288 Or at 637. Although this court held that the plaintiff was entitled to attorney fees as the statutory prevailing party, the Supreme Court reversed. *Id.* at 637-38. The court likened the offer to compromise under *former* ORS 17.055 to a contract approved by the court. *Id.* at 641. The accepted offer, like a consent decree, "is so binding as

to be absolutely conclusive upon the consenting parties, and it can neither be amended nor in any way varied." *Id.* Thus, the plaintiff in *Magar* was bound by the terms of the accepted offer and could not recover fees, because fees were not a term of the offer. *Id.* at 642.

That construction of ORCP 54 E as "leav[ing] nothing for the court to do but to enter what the parties have agreed upon" is also confirmed by the specification that judgment following an accepted offer "shall be given accordingly *as a stipulated judgment*." (Emphasis added.) This court and the Supreme Court have traditionally described a stipulated agreement entered into the record as a binding contract that "'leaves nothing for the court to do but to enter what the parties have agreed upon[.]'" *Kleiner v. Randall*, 58 Or App 126, 130, 647 P2d 956 (1982) (quoting *Schmidt*, 28 Or at 25).

The Council's specification that the judgment under ORCP 54 E is to be given "as a stipulated judgment" as well as our decision in *Miller* suggest an important qualification on the rule that there is "nothing for the court to do but to enter what the parties have agreed upon." We have explained that, although a stipulated settlement "is a binding contract," the court has authority to determine what the parties intended and to enter a judgment that reflects those intentions. *Stricklin v. Flavel*, 180 Or App 360, 369, 43 P3d 1116 (2002). In *Stricklin*, the trial court found that the parties intended to give the defendant only 90 days to pay an agreed-upon settlement amount and entered a "stipulated judgment" reflecting that term, although the parties had not expressly identified a time limit when they placed the agreement on the record. *Id.* at 365, 368. We held that the trial court did not err, because its authority to enter a judgment reflecting the terms of the parties' agreement allowed it to include the terms that the court found were implicit in the agreement and on which the parties had, in fact, agreed. *Id.* at 368. *See also Miller*, 262 Or App at 737 (explaining that the court's "ministerial" role following an accepted offer of judgment is to "to determine [the offer's] terms and its effect"). Thus, once a claiming party files an accepted offer of judgment under ORCP 54 E, there is "nothing for the court to do but to enter what the parties have agreed upon," *see*

*Magar*, 288 Or at 642, but that charge includes the authority to resolve disputes regarding what the parties have agreed upon.

Our conclusion regarding the scope of the court's authority resolves plaintiff's argument that "motion practice was unavailable" once plaintiff accepted the offer to allow judgment. If a motion relates to a dispute about the terms of the offer or to an issue that the offer expressly provided would remain in dispute, such as the offer in *Miller*, then the acceptance of an ORCP 54 E offer does not cut off the court's authority to address the motion.

However, our conclusion also means that we must reject defendant's argument that the trial court had authority to order interpleader because that process is "consistent with the express requirements" of the offer of judgment. Defendant argues that the interpleader process was a way to give effect to the parties' agreement that defendant would pay no more than $32,000, and that plaintiff would cover any claims of third-parties out of that amount. That argument fails, because it is not enough that interpleader was a way to give effect to the parties' agreement regarding third-party claims; the parties did not agree that defendant would use the ORCP 31 interpleader process as the mechanism for satisfying third-party claims. Indeed, the offer of $32,000 expressly included the term that it would be "plaintiff's obligation to satisfy" outstanding liens and reimbursement demands. Moreover, the offer of judgment contains no term that could be construed as authorizing an award of attorney fees to defendant. Yet the order granting interpleader under ORCP 31 gave defendant an automatic right to recover attorney fees for the interpleader. ORCP 31 C. At a minimum, then, the court's order allowing interpleader added an obligation for plaintiff to pay attorney fees that is not in accordance with the terms of the accepted offer to allow judgment. Thus, we reverse the supplemental judgment awarding attorney fees. We decline, however, to separately address plaintiff's challenge to the general judgment—that it allowed defendant to pay the $32,000 to the court for distribution rather than directly to plaintiff. Plaintiff does not identify any practical effect that a decision by this court

could have on his rights under that judgment, given that the court has already released the full $32,000 to plaintiff.[8]

Supplemental Judgment reversed; otherwise affirmed.

---

[8] We note that plaintiff believes that the trial court should have entered his proposed form of judgment, rather than the general judgment from which the appeal is taken, and that plaintiff's form of judgment would have added an award of prevailing-party costs to the $32,000. Plaintiff does not argue, however, that the court was required to award prevailing-party costs when entering judgment under ORCP 54 E, and we do not understand plaintiff's assignments of error to include such a challenge. Thus, the absence of a cost award in the general judgment is not a reason for this court to address plaintiff's challenge to the general judgment. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule[.]").