THE OREGON CENTRAL R. R. CO., RESPONDENT, v. AARON E. WAIT, APPELLANT.

## Appeal from Clackamas County.

RIGHT OF WAY.—JOINDER OF DEFENCES.—In an action to condemn land for a railroad, the defendant has his choice, either to rely on what the statute (Code, p. 670, 345), denominates a legal defense, or waiving that, plead the value, or resulting damages, or both; but he cannot on the same trial, contest the plaintiff's right to take the land, and try the question of damages.

DAMAGES.—Exception taken was this, " that the plaintiff below was allowed to prove on trial, that the construction of a railroad across the land of the defendant, would be of more benefit than damage thereto, excepting the value of *the land* actually taken by plaintiff," and the instruction of the court therein, excepted to was thus, " if the benefits to the lands of the defendant, are equal to the damages, then all that you should assess is the value of the land taken:" *Held*, these are not errors.

COSTS.—TENDER.—A tender of one hundred dollars was made on the day of trial by plaintiff, which the defendant refused to take, and failing to recover by verdict, more than fifty dollars, the defendant was adjudged to pay all costs subsequent to the tender: *Held*, that under sec. 49, p. 671 of Code, this was error, the tender not having been made before the commencement of the action.

FENCE.—Who is to build the fences along a railway ?

THE Oregon Central Railroad Company, alleging a due incorporation, with its place of business at Salem, Oregon, averred that it needed a right of way over certain lands owned by A. E. Wait, defendant, and described the claim across which the line of road was desired, and the direction thereof. Plaintiff desired an appropriation of thirty feet on each side of the center line of road; and prayed an assessment of the damages therefore, alleging an inability to agree with the owner of said land for such right of way. The defendant Wait, answered on the fifteenth of March, 1869, denying knowledge sufficient to form a belief as to the legal incorporation of plaintiff, and averring that the land, actually sought to be appropriated, was over ten acres, and that the damages, which he would suffer by such passing of plaintiff's railroad over his land claim, would be

twelve hundred dollars. The reply joined issue upon the questions of amounts of land and damages. On the nineteenth of March, on motion, that part of the answer substantially denying the incorporation of plaintiff, was stricken out, and this was excepted to by defendant. On the twenty-second day of March, the cause was called for trial, and on the same day, the plaintiff's counsel in writing, tendered to the defendant a judgment in his favor for one hundred dollars, which was refused. After verdict for fifty dollars, the clerk taxed the costs, etc., in the action, accruing after such tender of judgment, against the defendant, in the sum of $38.75, and on an appeal, the court below confirmed such taxation, and from the several rulings defendant appealed, alleging error as to each ruling.

*Wait & Kelly*, of counsel for the appellant, set forth as the errors relied upon.

1st. In requiring the defendant to elect to withdraw a part of the answer, and in striking out that part of the answer (set forth above).

2d. In overruling the objections of defendant thereto, and in allowing the plaintiff to give evidence, tending to prove "that the construction of a railroad across the land of the defendant, would render the remaining land more valuable, and that the railroad would be a benefit to the land not appropriated, and that such benefits would exceed all damages to the defendant's property, except the value of the land actually appropriated by plaintiff.

4th. In sustaining the decision of the clerk, taxing all the costs against the defendant, which accrued after tender of judgment.

6th. In declining to instruct the jury, without addition or qualification as follows:

"The verdict of the jury in this action, should secure to the defendant compensation for all the damages resulting from the appropriation of the land sought to be appropriated, irrespective of any increased value thereof, by reason of the proposed improvement by the plaintiff."

Upon the first error, counsel claim that, as a jurisdictional question, the denial of the legal incorporation of the plaintiff should have remained in the answer and cited 7 Mass. 353; 21 Pick. 535; 1 Bibb. 262; 7 Porter, 37; 5 Monroe, 261; 3 How. U. S. 762, etc.

That it was in fact a plea in bar—and cited 11 Mass. 313, 119; 7 Pick. 62; 3 Met. 235, 417; 15 Wend. 315; 13 N. Y. 309; etc.

Upon the other question—counsel claimed, that *before* sixty feet of land in width across the farm of defendant could be rightfully appropriated, the defendant was entitled to all damages necessarily resulting therefrom, including expense of fencing, crossways, and the inconvenient or unsightly condition in which the remainder of the land is left—and cite Gen. Laws, pp. 99, 665 and 671.

The claim that the judgment of the court appropriates the property, and the compensation for the property must precede the appropriation, and that any benefits from the railroad are prospective and cannot be deemed compensation.

That the property of which defendant has been deprived is the strip of land before mentioned—an enclosure against all other owners, persons, and animals—the right to use the whole farm without obstruction, and without the expense of constructing crossings, and without a severance, which renders the farm undesirable and comparatively worthless; and that these have all been taken, and without compensation first made therefor.

They claim that the court, by its rulings, denied to defendant the cost of fencing against the railroad, and the judgment of the court presumes the defendant has been paid that cost.

What damages are to be assessed? (Redfield on Railways, pp. 263, 483, 489, 287, 291; 47 Maine, 207; 10 Ind. 123; 31 Cal. 371; 23 Vt. 613; 22 Ill. 222; 15 Ohio, 39.)

They claim an improper taxation of costs, against defendant.

*Mitchell, Dolph & Smith,* for respondent, claim: 1st. The defense, denying the incorporation of plaintiff, could not be

Oregon Central Railroad Company v. Wait.

set up in conjunction, with an averment of the value of the land, or damages. (Gen. Laws, sec. 45, p. 470.)

2d. It was in the nature of a plea in abatement. (1 Pet. 387; 4 Wash. C. C. 662; 1 Mass. 480; 27 Conn. 282; 44 Me. 49; 39 Id. 571.)

A plea in abatement cannot be plead with a plea in bar. (2 Or. 49; 7 Barb. 368.)

Upon the second assignment of error, counsel claim, that compensation for private property taken for public use need not be made in money, but may be made in resulting benefits. (3 Allen, 137; 8 Barr. 445; 17 Wend. 649; 13 Barb. 169, etc.)

That the material inquiry is, is the property injured or benefited?

That the clause in the statute, "irrespective of any increased value thereof," refers to the strip of land only, and not to compensation for resulting damages to other lands not taken.

The court charged the jury that "neither the plaintiff or defendant were required to fence the lines of the land sought to be appropriated, but either party had a right to fence when business or convenience prompted," and that such is the law in Oregon.

They claim the taxation of costs was in accordance with law. (Gen. Laws, sec. 511.)

WILSON, J. Appellant excepted to the striking out of his answer the denial of the incorporation of respondent, and claimed that, as a denial to a material allegation, it was not a plea in abatement, and not inconsistent with our laws, which gives to a defendant only the right to *demur* or *answer*-that it was a plea in bar of respondent's right to recover, going to the merits of the action, and cited authorities. Appellant further claimed that in this case it was also a jurisdictional question, and could not be waived by the court.

Respondent claimed that such pleading is prohibited by sec. 45, p. 670, of the Code, and that a plea in abatement cannot be pleaded with one to the merits.

We deem it unnecessary to marshal the authorities on this point, and decide from them, either as to the influence of this plea or the nature of it. Sufficient that many of the authorities cited declare it a plea in abatement, and as many more a plea in bar. Our code decides this question in our view. Sec. 45, p. 670, is in these words: "The defendant in his answer may set forth any legal defense to the appropriation of such land, or any portion thereof; or, omitting such defense, may aver the true value of the land in question, or the damage resulting from the appropriation thereof, or both." This section forms a part of the law on corporations, and we find no difficulty in construing it to mean this—legal defenses must be pleaded separately—if plead, then issues of merit cannot be joined with them. A defendant has his choice to either rely upon a legal defense, or, choosing to omit that, may plead value, or damages, or both. Evidently this plea amounted to a legal defense, and defendant could have relied upon it; but the law plainly declares, he could not first rely upon that, and failing, resort in the same answer to the merits. We think the court below was right in requiring defendant to select which defense he relied upon; and in case he did not so indicate, to strike out one of them, and there was no error here.

The second point in which error is alleged may, from the exceptions taken, be expressed thus: "that the plaintiff below was allowed to prove on trial, that the construction of a railroad across the land of the defendant, would be of more benefit than damage thereto, excepting the value of the *land* actually taken by plaintiff;" and that the court, based thereon this instruction: "if the benefits to the lands of the defendant are equal to the damages, then all that you should assess is the value of the land taken." In the constitution of Oregon in sec. 4, art. XI, is found this provision: "no person's property shall be taken by any corporation, under authority of law, without compensation being first made or secured, in such manner as may be prescribed by law." Under this power the legislature enacted a law relating to corporations, and among its provisions are these: After

Oregon Central Railroad Company v. Wait.

stating that a company may appropriate lands for track, for buildings, a right of way over other lands in constructing these, and for side tracks, etc., in the latter part of sec. 24, p. 665, Gen. Laws, there is the following provision, "but no such appropriation of private property shall be made, until compensation therefor be made to the owner thereof, irrespective of any increased value thereof, by reason of the proposed improvement by such corporation, in the manner hereinafter provided." The manner of procuring an assessment of the value or damages, is found under title III, p. 670, and in case the owner and the corporation cannot agree upon the amount, the corporation may commence an action to estimate the same; and section 45, p. 671, designates what claims the owner may set up, viz: "the true value of the land in question, or the damage resulting from the appropriation thereof, or both." From these provisions, there can be no question as to the owner's right to recover the true value of land appropriated, in any event, and the respondent admits this. We think that sec. 24 is declaratory of this, that the land cannot be appropriated until compensation therefor be made, or, in the language of the constitution, *secured*, to the owner; and that this compensation is to be estimated irrespective of any additional value, which may be given to that designated strip by any buildings, or other improvement which may be put thereon by the corporation. It does not mean that the compensation shall be estimated irrespective of any additional value given to other lands of the same owner, adjacent thereto. The compensation is secured by the award of the jury in view of the whole case, and by the judgment of the court thereon. The issue was properly submitted by the court to the jury, that the damages are to consist of the value of the land appropriated, irrespective of any additional value to it, etc., and then, if such appropriation injures the other land of that owner, over and above the benefits or additional value of those lands, by the improvements by the corporation, an additional amount is to be awarded sufficient to cover such excess of injury over benefit, etc.

In this question are involved, we think, fences, cattle-guards, disadvantage of crossings, and all points of inconvenience and expense. The main objection seems to be that this is a compensation, which cannot be tendered or paid in advance of the improvement; but the allowance by a jury covers all these questions, and there can be no damage to other lands, in case the corporation fails to build the road, forfeiting its charter, and suffering the lands to fall back to the owner; in which case he receives his land again, additional to the damages paid, or secured in judgment.

Our law does not require that either the corporation or the land owner shall build fences along the track, but we think that is one of the questions involved in the issue submitted to the jury, and we can readily conceive of many conditions, where the fencing of a track would neither be useful or ornamental, and totally unnecessary. It might be considered as damages received, or secured, under the view of this proposition—if by the locating and building of a railway, the lands crossed by it are raised in value, a certain amount per acre, it would, under the construction of our constitution and laws, be unjust that the owner of such lands should claim and receive compensation for all the fences he may or may not be forced or find convenient to build, all cost of cattle guards, of crossings, of all inconveniences, and say to the company you have increased my property in value so many dollars per acre, but you shall not offset that against these inconveniences, and I will take the benefit in both ways. Such is not the spirit, or our construction of the law--roads generally are laid out, and under the provisions of the constitution, damages only are given for the excess of injury over resulting benefits—and in other instances the operations of the laws are in accordance with our construction. We think no error was made here.

The third point is, that the court adjudged costs, etc., against appellant which accrued after the tender by the respondent on the twenty-second of March; and we think there was error in this. Section 49, p. 671, Gen. Laws, provides, that all costs and disbursements of defendant shall

be recovered of the corporation, unless the corporation, *before* commencing the action, tender the defendant an amount greater than, or equal to, that assessed by a jury— in which case the corporation shall recover its costs, etc., of the defendant.

The tender in this case was made upon the day of trial, long after the commencement of the action, and no benefit of tender under the law accrued to the respondent.

Section 511, Gen. Laws, cited by counsel for respondent, is applicable to cases generally, but the special law of corporations carries its special provision with it, which latter must govern. It was as though no tender had been made, and we must modify the judgment by reversing that allowance of costs to respondent. In other respects the case stands affirmed.